11-2086-ag
Zheng v. Holder

BIA
Mulligan, IJ
A089 198 271

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:
> ROGER J. MINER,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

_____

JIAN CAN ZHENG,
> *Petitioner,*

v.          11-2086-ag
            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Farah Loftus, Law Office of Farah Loftus, Century City, CA.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Ada Bosque, Senior Litigation Counsel; Jonathan F. Potter, Attorney, Office of

Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Can Zheng, a native and citizen of China, seeks review of a April 27, 2011, order of the BIA affirming the July 1, 2009, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Can Zheng*, No. A089 198 271 (B.I.A. Apr. 27, 2011), *aff'g* No. A089 198 271 (Immigr. Ct. N.Y. City July 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Zheng challenges both the agency's adverse credibility

2

determination and its alternative finding that the harm he suffered did not rise to the level of persecution. Substantial evidence supports the agency's adverse credibility determination. *See Yanquin Weng*, 562 F.3d at 513. For applications, such as this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii) (2006); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).

Here, the IJ relied on Zheng's demeanor to find him not credible, noting that he failed to answer "simple and basic questions," was "incredibly nervous," paused for long periods at several points in his testimony, and, overall, gave "an extremely poor impression that he had memorized a script." Additionally, the IJ found that Zheng could not provide basic details regarding the event that led to his altercation with Chinese officials and his wife's alleged forced abortion. Because the IJ was in the best position to observe Zheng's manner while testifying, and identified

3

specific examples of problematic testimony, we accord his demeanor finding particular deference. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 380-81 (2d Cir. 2007) (per curiam); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Moreover, as the BIA found, even if credible, Zheng did not demonstrate harm rising to the level of persecution because he was not eligible for relief based on the harm suffered by his wife, *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007) (en banc), and the single incident with family planning officials in which he was punched several times in the chest did not rise to the level of persecution, *see Jian Qui Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (per curiam) (holding that a minor beating by family planning officials who did not have "any intention of arresting or detaining" petitioner did not constitute persecution where no lasting physical injury resulted). Contrary to Zheng's assertion, because his past harm did not rise to the level of persecution, he is not entitled to a presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1) (2001). Furthermore, because Zheng was unable to show the objective

4

likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). We do not reach Zheng's claim for CAT relief as he did not exhaust it before the BIA. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5